IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICAH JERMAINE STEWART,           : | |
| Petitioner,    : | |
| : | |
| v.               : | Civ. No. 14-6438 |
| : | |
| MICHAEL WENEROWICZ, et al.,     : | |
| Respondents.    : | |
| : | |

## O R D E R

Proceeding *pro se*, Micah Jermaine Stewart—serving a life sentence for first degree murder—objects to the Magistrate's Recommendation that I deny his request for habeas relief. (Doc. Nos. 10,12); 28 U.S.C. § 2254.  Stewart bases his Petition on his trial counsel's failure to present a diminished capacity defense, which, if successful, would have resulted in a conviction for third degree murder.  18 Pa.C.S. §§ 1102, 2502.  Petitioner contends that his PCRA counsel's failure to raise this ineffectiveness claim can be excused for cause.  Glenn v. Wynder, 743 F.3d 402, 410 (3d Cir. 2014) (to show "cause," Petitioner must demonstrate that PCRA counsel's "failure itself constituted ineffective assistance of counsel" and that the underlying ineffective assistance of trial counsel claim is "substantial" ) (citing Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012) and citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).  The Magistrate recommends that there is no cause to excuse PCRA counsel's procedural default.  I agree.

Under Pennsylvania law, a diminished capacity defense would have required Petitioner to admit guilt but contest culpability.  Com. v. Laird, 726 A.2d 346, 353 (Pa. 1999).  Trial counsel opted instead to pursue an outright acquittal.  Petitioner alleges that although he informed his trial counsel that he killed his victim "while drunk and extremely intoxicated on cocaine," trial counsel "completely disregarded and even ignored overwhelming evidence" of his intoxication.

(Doc. No. 1-1 at 1,3.) Petitioner alleges the existence of witnesses that could have testified about his drug abuse, and has submitted medical records indicating possible mental illness.

Having reviewed all the submissions and the record, I agree with the Magistrate that: 1) trial counsel was not ineffective; and 2) Petitioner's claims are procedurally defaulted. Although not addressed by the Magistrate, I also conclude that Petitioner's PCRA counsel was not ineffective, which provides another basis to conclude that the procedural default is not excused. I will thus overrule Petitioner's Objections and adopt the Magistrate's Report & Recommendation.

## I.  BACKGROUND

On December 13, 2006, a Philadelphia Common Pleas Court jury found Petitioner guilty of first-degree murder; on February 5, 2007, he was sentenced to life imprisonment without parole.

The trial evidence showed that while in high school, Petitioner began dating Cortney Fry. She gave birth to their daughter on July 4, 2004. Petitioner became obsessed with the child's paternity and believed that Fry was having an affair with one of her coworkers. Witnesses testified that between July 12, 2004, and July 20, 2004, Petitioner repeatedly threatened Fry and accused her of being unfaithful. Witnesses also testified to seeing Fry with bruises, strangle marks, scratch marks, and other signs of physical abuse. (Doc. No. 10 at 1-4.)

On July 20, 2004, Petitioner accompanied Fry to a paternity test facility. While waiting for the test results, Fry threatened to leave Petitioner. Later that day, a witness saw Petitioner putting Fry's possessions and clothing in a dumpster. On July 21, 2004, Fry's father reported her missing. On July 23, 2004 and July 27, 2004, Petitioner told detectives that he did not know where Fry was, but admitted that in the past he had slapped her. With Petitioner's consent,

police searched his car and recovered a glove covered with Fry's blood and a screwdriver. (Doc. No. 10 at 2-3.)

On January 22, 2005, a hunter discovered Fry's burned body in a desolate field in Manor Township. She died of multiple traumatic injuries: her nose and seven ribs were fractured, both her legs were broken. She had an irregularly shaped hole in her skull. Both Petitioner's step-mother and step-brother testified that Petitioner told them that he murdered Fry and burned her body. (N.T. Trial 687-90, 729-30.) The screwdriver recovered from Petitioner's car matched the shape of the hole in Fry's head. (Doc. No. 10 at 3-4.)

On direct appeal, the Superior Court rejected all Petitioner's claims: two challenges to the weight of the evidence, a Fourth Amendment challenge to the searches of his vehicle and apartment, and three allegations of trial court error. (Doc. No. 8, Ex. CC at 4.) In so ruling, the Superior Court rejected Petitioner's argument that "he was severely intoxicated by the combination of crack cocaine, marijuana, and alcohol at the time of the killing, and, therefore, was incapable of forming the specific intent needed to sustain first degree murder." (Id. at 142.) The Court determined that "the record does not reveal any testimony indicating that Appellant was under the influence of any intoxicants at the time of the murder." (Id. at 142.) The Pennsylvania Supreme Court denied *allocatur* on August 24, 2008. (Doc. No. 8, Ex. DD.)

On June 23, 2009, Petitioner filed a timely *pro se* petition for post-conviction relief. Appointed counsel filed two amended petitions, arguing that trial counsel was ineffective for: (1) acknowledging in his opening statement that Petitioner occasionally sold drugs; (2) failing to object to the prosecutor's opening statement in which he referred to a witness previously testifying before a grand jury; (3) failing to object to an officer's testimony that the victim had told the officer that Petitioner threatened to "fucking shoot her;" (4) failing to object to the

prosecutor's leading questions; (5) failing to object to the court's instruction regarding malice; (6) failing to argue on direct appeal that exhibits were improperly provided to the jury for review during their deliberations; and (7) failing to object to the introduction of hearsay statements. (Doc. No. 8 Exs. EE, GG, LL.)  The PCRA Court denied relief, the Superior Court affirmed, and the Supreme Court denied *allocatur* on September 23, 2014.

On October 25, 2014, Stewart timely filed the instant *pro se* Petition, alleging PCRA counsel's ineffectiveness for failing to raise trial counsel's ineffectiveness for: 1) not presenting a diminished capacity defense; and 2) not cross-examining a witness about Petitioner's drug-induced psychosis during a domestic violence incident.  (Doc. No. 1-1 at 3, 10.)

The Magistrate filed her Report and Recommendation on June 16, 2015, accepting the Commonwealth's argument that Petitioner's claims are procedurally defaulted.  (Doc. Nos. 8, 10); 28 U.S.C. § 2254.  Petitioner timely filed objections on June 29, 2015.  (Doc. No. 12.)

## II.     STANDARD OF REVIEW

I must review *de novo* those portions of the Report to which timely, specific objections have been filed.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part" the Magistrate's findings or recommendations.  Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

A habeas petitioner must have "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254.  A failure to exhaust may be excused for "cause."  Martinez v. Ryan,

132 S. Ct. 1309, 1320 (2012). The failure of habeas counsel to raise an ineffective assistance of counsel claim in an initial-review collateral proceeding can establish "cause" to excuse procedural default. Martinez v. Ryan, 132 S. Ct. 1309, 1320-22 (2012); Glenn v. Wynder, 743 F.3d 402, 410 (3d Cir. 2014). To show "cause," Petitioner must demonstrate that PCRA counsel's "failure itself constituted ineffective assistance of counsel" and that the underlying ineffective assistance of trial counsel claim is "substantial." Glenn, 743 F.3d at 410.

The Martinez exception to procedural default applies only where state law requires that "claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding." Martinez, 132 S. Ct. at 120. Pennsylvania law requires ineffectiveness claims to be raised initially at PCRA. Com. v. Grant, 813 A.2d 726, 738 (Pa. 2002) (citing 42 Pa. C.S. § 9542s et seq).

To make out ineffective assistance of counsel, Petitioner must show: (1) his attorney's representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688 (1984). If I conclude that counsel's strategy was not unreasonable, I need not address prejudice. United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008). Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). I must conduct an evidentiary hearing "unless the [§ 2254] motion and files and records of the case show conclusively that [the petitioner] is not entitled to relief." Lilly, 536 F.3d at 195 (internal quotation marks omitted).

### III.  DISCUSSION

Petitioner argues that his failure to argue trial counsel's ineffectiveness at PCRA should be excused because of PCRA counsel's ineffectiveness.  (Doc. No. 1-1.)  The Magistrate did not address the question of PCRA's competence, concluding that the claim respecting trial counsel was not "substantial."  Petitioner objects.  (Doc. No. 12.)

#### A.  *PCRA Counsel was Not Ineffective*

Although not addressed by the Magistrate, I conclude that PCRA counsel performed competently.  I must presume that counsel—who raised seven ineffectiveness claims in two amended PCRA petitions—made a strategic choice in omitting the claims based on diminished capacity.  Yarborough v. Gentry, 540 U.S. 1, 8 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.") (citing Strickland, 466 U.S. at 690)).  Moreover, Petitioner neither alleges nor presents any evidence that he informed PCRA counsel of facts that would support a diminished capacity defense, or that PCRA counsel was otherwise aware of these facts.  Petitioner does not even allege that he asked PCRA counsel to investigate the defense.  Plainly, Petitioner has not overcome the strong presumption that PCRA counsel's actions were reasonable.  See Strickland, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); Lloyd v. Bickell, No. CIV.A. 11-4306, 2013 WL 1972198, at *19 (E.D. Pa. Feb. 19, 2013) ("While [petitioner] asserts that Martinez applies to PCRA counsel's failure, he has not even attempted to satisfy this burden with any threshold evidentiary support, i.e., . . . an affidavit from PCRA counsel that [petitioner] ever

asked that he present the issue. Accordingly, I recommend that this claim be dismissed.") report and recommendation adopted, No. CIV.A. 11-4306, 2013 WL 1979490 (E.D. Pa. May 14, 2013).

In these circumstances, I conclude that PCRA counsel was not ineffective.

### B.    *Trial Counsel was Not Ineffective*

Once again, the Magistrate failed to address PCRA's competence. Rather, she concluded that trial counsel acted reasonably in choosing strategically not to present a diminished capacity defense. Petitioner objects, arguing that "trial counsel conducted no investigation and gave no advice or consultation relative" to this defense even though Petitioner told counsel he killed Fry "while drunk and extremely intoxicated on cocaine." (Doc. No. 12 at 3). Once again, Petitioner has not overcome the "strong presumption" that his trial counsel's defense strategy did not "fall[ ] within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

A diminished capacity defense "is only available to a defendant who admits criminal liability but contests the degree of guilt." Com. v. Laird, 726 A.2d 346, 353 (Pa. 1999). At the PCRA hearing, although not questioned as to whether he considered the diminished capacity defense, trial counsel testified that he chose a strategy similar to the one he used to obtain an acquittal in a prior criminal trial in which he represented Petitioner. Trial counsel's strategy to obtain an outright acquittal was thus to admit to Petitioner's threatening behavior towards Fry, and argue that these threats led the police to rush to the erroneous conclusion that Petitioner was the murderer without considering other suspects. (Doc. No. 10 at 15 n.10.)

Petitioner has not alleged that he told trial counsel: 1) that he disagreed with this strategy; 2) or that there were witnesses who could confirm his intoxication at the time of the Fry murder. Once again, Petitioner has not shown that trial counsel's performance was unreasonable. Cf.

United States v. Gonzalez-Rivera, 217 F. App'x 166, 168 (3d Cir. 2007) (trial counsel not ineffective for failing to pursue plea negotiations when defendant wished to maintain innocence).

Finally, the Superior Court found ample evidence that Ms. Fry's attacker acted with specific intent, including: 1) the screwdriver puncture wound to the victim' skull; 2) her forcibly cracked teeth; 3) her fractured jawbone; 4) her forcibly broken ribs; 5) her broken legs; and 6) her burned body.  (Doc. No. 8-3, Ex. CC at 141-42.)  In light of this evidence, I cannot say that it was unreasonable for counsel to pursue an outright acquittal rather than admit that Petitioner killed Fry but lacked specific intent.  Strickland, 466 U.S. at 690 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Having concluded that trial counsel's strategy was not unreasonable, I will not address prejudice.  Id. at 697.

Because both PCRA and trial counsel did not act unreasonably, Petitioner has not shown "cause" to excuse his procedural default.  Martinez, 132 S. Ct. at 120.  Accordingly, I will overrule Petitioner's Objections to the Magistrate's Report.

## IV. CONCLUSION

**AND NOW**, this 13th day of January, 2016, it is hereby **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 12) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 10) is **APPROVED and ADOPTED**;

3. There are no grounds to issue a certificate of appealability; and

4. The Clerk shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.